USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/15/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE G. SANTOS and MIGUEL A.
QUINTANA,

                Plaintiffs,

        v.

EL TEPEYAC BUTCHER SHOP INC.,
EDDIE GARCIA, and MARCO (a/k/a
"MARK") GARCIA,

                Defendants.

---

No. 15-CV-814 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover allegedly unpaid overtime wages. On August 25, 2015, the parties submitted a proposed settlement agreement ("Agreement") for the Court's approval. Dkt. 24. Under the terms of the Agreement, Defendants will pay Plaintiffs $50,000 through twelve installments, in exchange for, *inter alia*, Plaintiffs' relinquishment of wage and hour claims that arose prior to the settlement. Plaintiffs' counsel also seeks the Court's approval to allocate $20,000 of the Settlement amount to attorney's fees, which represents 40% of the net proceeds of the settlement.

## I.    Settlement

District courts must scrutinize FLSA settlements to determine if they are "fair and reasonable." *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of circumstances including (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens

1

and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012) (internal citations omitted).

The Court finds that the Agreement, aside from the non-disparagement clause discussed below, is fair and reasonable.  Plaintiffs originally calculated that, if they prevailed, they would have been entitled to approximately $30,600 in unpaid wages and an equal amount in liquidated damages.  29 U.S.C. §§ 216(b); *see* Dkt. 24-1 at 2.  Although the settlement amount of $50,000 represents $11,600 less than the amount Plaintiffs originally claimed, the parties have provided a sufficient basis for the reduction: There are outstanding disputes as to the length of Plaintiffs' employments and the number of hours worked, and Plaintiffs do not have contemporaneous records of their hours.  The Court is persuaded the Agreement represents a reasonable compromise given the litigation risk, and was the product of arm's-length negotiations.

On facet of the Agreement, however, runs afoul of FLSA's objectives: the Agreement's non-disparagement clause, which bars both Plaintiffs and Defendants from making disparaging comments about each other.  *See* Dkt. 24 at 6–7.  Courts must carefully review any form of confidentiality provision in FLSA settlements, as they are in tension with Congress's broader goals in enacting FLSA.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–78 (S.D.N.Y. 2015).  Specifically, courts have a duty not only to safeguard the rights of individual FLSA litigants, but to ensure that a proposed settlement comports with FLSA's broader, remedial goals, which include ensuring widespread compliance with the statute.  *Id.*  Although not all non-disparagement clauses are *per se* objectionable, the one at issue here is overbroad in that it bars "any negative statement" and makes no carve-out for truthful statements about Plaintiffs'

2

experiences litigating this case. *Id.* at 180 n.65. Plaintiffs would therefore be in violation of the provision were they to inform their co-workers—who may not be aware of their rights under FLSA—of the settlement. Such a restriction "would [not] further resolution of [a] bona fide dispute between the parties but rather thwart Congress's intent to ensure widespread compliance with the statute . . . by silencing the employee who has vindicated a disputed FLSA right." *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (internal citations and alteration omitted).

For this reason, the Court will not approve the proposed Agreement unless the non-disparagement provision is revised to allow Plaintiffs to discuss this action.

**II.     Attorney's Fees**

Courts must also review FLSA settlements to ensure that any award of attorney's fees is reasonable. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). To determine whether attorney's fees are reasonable, courts compare the amount sought to the lodestar amount, or the product of a reasonable hourly rate and the reasonable number of hours required by the case. *See* 29 U.S.C. § 216(b); *Stancyzk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). In evaluating the requested attorney's fees, the Court also must weigh the following factors: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases;" and the fact that "a reasonable, paying client wishes to spend the minimum

3

necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany,* 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008).

Plaintiffs' counsel has provided the Court with his contemporaneous billing records, which indicate that counsel billed $21,400 over the course of this litigation. Plaintiffs' counsel has requested $20,000 in fees, which is just below the lodestar amount calculated by Plaintiffs' counsel. For the following reasons, the Court rejects Plaintiffs' counsel's lodestar calculation.

A reasonable hourly rate is "the rate a paying client would be willing to pay" "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate effectively." *Arbor Hill*, 522 F.3d at 190. A reasonable hourly rate should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (internal quotations and citations omitted). For wage-and-hour cases in the Southern District of New York, partners typically charge between $300 and $400 per hour. *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015); *Trinidad v. Pret a Manger (USA) Ltd.,* No. 12-CV-6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases). For paralegals, "courts in this Circuit have generally found $75 an hour to be reasonable." *Cuevas v. Ruby Enterprises of New York Inc.*, No. 10-CV-5257(JS), 2013 WL 3057715, at *2 (E.D.N.Y. June 17, 2013).

Mr. Cilenti's rate is $400, which is at the high end of this spectrum. Mr. Cilenti has not furnished the Court information regarding his level of experience, *Gonzales v. Scalinatella*, 13-CV-3629 (PKC) (MHD), 2015 WL 3757069, at 21 (S.D.N.Y. June 12, 2015) ("courts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals"); however, at least two other courts have

4

considered his credentials when evaluating his fees for the purposes of a FLSA settlement. In *Cuevas v. Ruby Enterprises of New York*, Judge Seybert concluded that, although Mr. Cilenti had considerable litigation experience, his was "not as extensive as those highly experienced and impeccably credentialed partners who have been awarded rates on the higher end of the attorney's fees spectrum." 2013 WL 3057715, at \*2 (S.D.N.Y. June 17, 2013) (internal citations omitted); *see also Rosas v. Subsational*, No. 11-CV-2811 (JS), 2012 WL 4891595, at \*10 (E.D.N.Y. Sept. 11, 2012).[1] Judge Seybert determined $350 was a reasonable hourly rate, and this Court agrees. The reduction of Mr. Cilenti's rate is particularly warranted given the straightforward nature of the case. 2013 WL 3057715, at \*2. Although the parties engaged in limited discovery, this action was quickly settled. In light of the nature of the case and the Court's assessment of Mr. Cilenti's experience, Mr. Cilenti's services are reasonably valued at $350 per hour for the purposes of the lodestar-calculation. With respect to Mr. Cilenti's paralegal, Ms. Pena, the Court finds $75 is a reasonable rate.

Mr. Cilenti seeks fees for 59.6 hours of work; however, a review of the billing records reveals that, because Mr. Cilenti litigated this case without the assistance of a junior associate and with minimal assistance from his paralegal, "some of the hours recorded for partner-level work are inflated." *Cuevas*, 2013 WL 3057715, at \*3 (quoting *Garcia v. Giorgio's Brick Oven & Wine Bar*, No. 11-CV-4689(LLS)(FM), 2012 WL 3339220, at \*7 (S.D.N.Y. Aug. 15, 2015)). For example, Mr. Cilenti repeatedly billed his clients for administrative tasks such as electronically filing documents, *see* Dkt. 24-2 at 4, 5, 6, which his paralegal could have handled. *See Cuevas*, 2013 WL 3057715, at \*3. What's more, Mr. Cilenti is on notice that such practices may amount to

---

[1] The Court recognizes that these cases are two years old and Plaintiffs' counsel may have since gained additional experience litigating FLSA cases; however, counsel has failed to submit any information about his background and experience to lead the Court to conclude that a higher rate is warranted.

overbilling as his legal fees have been reduced for the same reason in the past. *Id.* (noting "the rather large number of tasks performed by Mr. Cilenti that would have been more appropriately performed assigned to a paralegal"). Mr. Cilenti also billed his client for certain tasks that do not constitute legal work, such as translation services by his paralegal, Ms. Pena. These non-legal tasks should have instead been billed as costs. *See Run Guo Zhang*, 2015 WL 5122530, at \*3.

Finally, courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances. *Id.* at \*4; *Thornhill v. CVS Pharmacy, Inc.*, No. 13-CV-507 (JMF), 2014 WL 1100135, at \*3 (S.D.N.Y March 20, 2014) ("In this Circuit, courts typically approve attorney's fees that range between 30 and 33 percent"). A reduction in hours billed is therefore warranted. "In doing so, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Cuevas*, 2013 WL 3057715, at \*3 (quoting *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012)). Accordingly, the Court grants Plaintiffs' counsel a fee award of 33 percent of the net settlement amount, or \$16,500. *See Thornhill*, 2014 WL 1100135, at \*3; *Guzman v. Joesons Auto Parts*, No. 13-CV-5507 (JMF), 2013 WL 2898153, at \*4 (E.D.N.Y. June 13, 2013) (collecting cases).

## III. Conclusion

The request to approve the proposed settlement is denied without prejudice to the filing of

a revised motion for approval consistent with this Opinion. The parties shall have until December

31, 2015 to do so.

Dated:    December 15, 2015
          New York, New York

Ronnie Abrams
United States District Judge

7